UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:20-CV-389-HAB |
| ) | |
| BRISTOL WEST INSURANCE GROUP ) | |

**OPINION AND ORDER**

Before the Court is Defendant Bristol West Insurance Company's[1] (Bristol West) Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) filed on December 14, 2020. Plaintiff Christopher Washington, proceeding *pro se*, responded on December 18, 2020. For the following reasons, the Motion to Dismiss will be GRANTED and the case DISMISSED without prejudice to its refiling in state court.

**BACKGROUND**

This lawsuit arises from a motor vehicle accident occurring on October 2, 2020, at the intersection of Vermont Avenue and Anthony Blvd. in Fort Wayne, Indiana. Plaintiff was a passenger in a vehicle driven by Barbara Rogan which was, on the above date, involved in an accident with an uninsured motorist. (ECF No. 19, at ¶1). Rogan was insured through Bristol West and maintained uninsured motorist coverage pursuant to Policy No. G00 9740431 03. (ECF No. 19-1) (the Policy).

On November 3, 2020, Plaintiff filed the complaint in this matter asserting claims pursuant to "[Indiana] Code Section[s], 34-51-2-5 and 34-51-2-6, of Comparative Negligence in [I]ndiana

---

[1] The Plaintiff erroneously named the Defendant in the Complaint as Bristol West Insurance Group.

car accident case laws [*sic*]." (ECF No. 1 at 2). Similarly, Plaintiff claims that "Defendant is also liable . . . pursuant to the laws of [I]ndiana and possibly other states which claims may be brought under the pendant jurisdiction of this matter," and titles his first claim "Count One (Violations of Indiana Code Section[s] 34-51-2-5, 34-51-2-6)." (*Id.* at 2, 4). In essence, Plaintiff is suing Bristol West to recover proceeds for bodily injury through the uninsured motorist coverage. (Compl., ECF No. 1 at ¶10: "…[T]he defendant refused to compensate me for all of my pain and suffering and emotional distress and to abide by Bristol West Insurance Group Company policy by compensating me for pain and suffering and emotional distress and mental anguish by not complying with me."). His Complaint seeks ten million dollars (Compl. at ¶20).

Because subject matter jurisdiction was not readily apparent from the Complaint, the Magistrate Judge raised the issue of the court's jurisdiction *sua sponte*. Further, since Plaintiff's Complaint failed to raise a federal question and appeared to be based entirely on state law, the Magistrate Judge ordered the Plaintiff to file a supplemental jurisdictional statement "in an effort to establish diversity jurisdiction." (ECF No. 8).

On December 2, 2020, the Plaintiff filed his supplemental jurisdictional statement along with a flurry of motions intended to induce discovery. (ECF Nos. 11–12, 14–15). He also filed a motion to amend the Complaint. (ECF No. 13-1). Like the original Complaint, the proposed Amended Complaint does little to demonstrate the existence of diversity jurisdiction. It merely references that Bristol West has a principal place of business in Oklahoma City, OK, and that it is licensed to conduct business in Indiana. Likewise, the Amended Complaint increases the prayer for relief to fifty million dollars. (Am. Compl. at ¶20). These filings, in turn, sparked Bristol West's present motion seeking dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(1).

"The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion." *Bolden v. Wells Fargo Bank, N.A.*, 2014 WL 6461690, at *2 (N.D. Ill. Nov. 18, 2014) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009)). "If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Bolden*, 2014 WL 6461690, at *2 (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)). A factual challenge to the court's subject matter jurisdiction, on the other hand, is based on the assertion that "the complaint is formally sufficient but ... there is *in fact* no subject matter jurisdiction." *United Phosphorus*, 322 F.3d at 946 (emphasis in original). When considering a factual challenge to the court's jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)). "Where jurisdiction is in question, the party asserting a right to a federal forum has the burden of proof, regardless of who raised the jurisdictional challenge." *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008). Here, regardless of whether the Court examines the Complaint through the lens of a facial or factual challenge, it is evident that there exists no subject matter jurisdiction.

Because it is a court of limited jurisdiction, to proceed in federal court, Plaintiff has the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists where claims arise under the Constitution, laws or treaties of

3

the United States whereas diversity jurisdiction exists where the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

Here, the Magistrate Judge correctly noted that there are no allegations in the Complaint, or its amended version, that the Plaintiff's claim arises under "the Constitution, laws or treaties of the United States." That leaves the question of whether the Complaint adequately avers the existence of diversity jurisdiction or whether, regardless of the allegations in the Complaint, jurisdiction cannot factually be established. In its motion, Bristol West asserts the latter, noting that the Policy sets the underinsured motorist limits for recovery at $50,000. Thus, it argues that this would signal on its face that the amount in controversy requirement for diversity jurisdiction ($75,000) has not been satisfied.

"Generally, the amount in controversy claimed by a plaintiff in good faith will be determinative on the issue of jurisdictional amount, unless it appears to a legal certainty that the claim is for less than that required by the rule." *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 237 (7th Cir. 1995) (citations omitted). Here, the policy limits establish to a legal certainty that the Plaintiff's claim is for less than the jurisdictional amount. *See Chicago's Preschool Acad. of Learning, Inc. v. W. Bend Mut. Ins. Co.,* No. 20-CV-04044, 2020 WL 5702145, at *3 (N.D. Ill. Sept. 24, 2020) (where plaintiff does not seek coverage to the full limit of the policy but only under a single provision, the limits of that provision control). Plaintiff is limited to a payout of $50,000 per the uninsured motorist coverage limitation of the Policy, well under the jurisdictional amount.[2]

---

[2] Plaintiff's request for ten or fifty million dollars is clearly not made in good faith as it has no reasonable relation to the bodily damage injuries he asserts in his Complaint nor does he plausibly explain how the stakes could possibly reach that amount.

4

In short, the Plaintiff has not met his burden of established diversity jurisdiction and the Defendant's motion to dismiss must, and will be, GRANTED. [3]

## CONCLUSION

Based on the foregoing, the Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) is GRANTED **without prejudice** to the refiling of the action in state court. All other pending motions are DENIED as MOOT. The Clerk is DIRECTED to enter judgment in favor of the Defendant.

SO ORDERED on January 11, 2021.

                                                     s/ *Holly A. Brady*
                                                   JUDGE HOLLY A. BRADY
                                                   UNITED STATES DISTRICT COURT

---

[3] Plaintiff, as a third-party, is not entitled to assert a claim of bad faith under Indiana law. *See Schmidt v. Allstate Property and Casualty Insurance Company*, 141 N.E.3d 1251 (Ind. Ct. App. 2020). Thus, while the existence of such a claim could impact the amount in controversy requirement, such a claim is foreclosed here. *See also, Martinez v. State Farm Mut. Auto. Ins.Co.*, No. 2:15-CV 137, 2016 WL 1270414 at *1 (N.D. Ind. Mar. 31, 2016)(although plaintiff met the definition of an "insured" under the uninsured/underinsured motorist coverage provisions, she lacked the "'special relationship' necessary to establish a duty on the insurer's part to act towards her in good faith.").